Minute Order Form (0$/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 8002 | **DATE** | 8/25/2000 |
| **CASE TITLE** | BILLY WARDELL, et al vs. CITY OF CHICAGO, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court denies Defendants' motion to clarify or reconsider Judge Castillo's November 22, 1999 Memorandum Opinion and Order [40-1] and [40-2].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | AUG 25 2000 date docketed | | |
| ✓ | Docketing to mail notices. | | | 46 |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 00 AUG 25 AM 9: 37 | date mailed notice | |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BILLY WARDELL and )
DONALD REYNOLDS, )
 )
    Plaintiffs, )
 )
vs. ) Judge Ronald A. Guzman
 )
 ) 98 C 8002
 )
CITY OF CHICAGO, PAMELA FISH, )
Individually, and in her official capacity, )
And UNKNOWN CITY OF CHICAGO )
EMPLOYEES, )
 )
    Defendants. )

DOCKETED
AUG 2 5 2000

## MEMORANDUM OPINION AND ORDER

Before the Court is the Defendants' joint motion to clarify or reconsider the judgment rendered on November 22, 1999 by the Honorable Ruben Castillo, in which the Court denied Defendants' motion to dismiss on all claims. For the reasons stated in this Memorandum Opinion and Order, the Court denies Defendants' motion to reconsider.

## DISCUSSION

District court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988). In a narrow set of circumstances, a motion for reconsideration may be brought under either Federal Rules of Civil Procedure ("Rule") 59(e) or Rule 60(b). FED. R. CIV. P. 59(e), 60(b). All motions to reconsider served

1

46

within ten days of the entry of judgment are treated as Rule 59(e) motions. *Russell v. Delco Remy Div. Of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). The district court may not extend the time within which a party may move to alter or amend a judgment under Rule 59(e). Fed. R. Civ. P. 60(b), 59(e); *Bailey v. Sharp*, 782 F.2d 1366 (7th Cir. 1986). Rule 59(e) provides for reconsideration when there is newly discovered evidence, an intervening change in the controlling law, and manifest error of law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). On the other hand, all motions to reconsider which are served more than ten days after judgment are treated under Rule 60(b). *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).

Here, Defendants' motion to reconsider was filed on December 8, 1999. We must treat the motion as one brought under Rule 60(b). Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a court may allow reconsideration on the "grounds of inadvertence, mistake, excusable neglect, newly discovered evidence, [and] misconduct of the opposing party." FED. R. CIV. P. 60(b). Rule 60(b) is designed to provide relief from judgment "in exceptional circumstances" -such as excusable neglect or manifest injustice-necessitating an "extraordinary remedy." *Cincinnati Ins. Co. v. Flanders Elec. Motor Service, Inc.*, 131 F.3d 625, 628 (7th Cir.1997).

Here, Defendants offer no reasons sufficient in their brief to satisfy the

2

requirement of Rule 60(b). Defendants fail to allege any inadvertence, mistake, excusable neglect or misconduct. Rather, they argue there are no identified differences between Plaintiffs' prior pleadings and the amended pleading Judge Castillo refused to dismiss. Nor do Defendants claim that they discovered any "new evidence" to support their position. Instead, Defendants merely state their position failing to cite specifically to any rule in the Federal Rules of Civil Procedure or to the appropriate standard against which their motion should be considered.

For example, Defendants argue that Plaintiffs' allegations establish probable cause and thereby bar their fourth amendment claims. (Def.'s Mot. at 2). Plaintiffs, however, rightly point out that Defendants have stated this same argument in their earlier motion to dismiss. (Pl.'s Mot. at 4). Further, a necessary predicate to any unlawful arrest under section 1983 is the absence of probable cause. Id. at 654; *Biddle v. Martin*, 992 F. 2d 673, 678 (7th Cir. 1993) A law enforcement officer has probable cause to make an arrest when "the facts and circumstances within [his] knowledge and of which [he has] reasonably trustworthy information [are] sufficient to warrant a prudent [person] in believing that the [suspect] had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91, 85 S. Ct. 223, 225, 13 L.Ed.2d 142 (1964); see also *Hunter v. Bryant* 502 U.S. 224, 228-29, 112 S. Ct. 534, 537, 116 L. Ed. 2d 589 (1991). This is necessarily a fact-intensive inquiry that does not lend itself to definitive legal rules. *Illinois v. Gates*, 462 U.S. 213, 232, 103 S. Ct 2317, 2329, 76 L. Ed.2d 527 (1983); *Maxwell v. City of Indianapolis*, 998 F.2d 431, 434 (7th Cir.1993). Whether an officer had probable cause to make an arrest generally will present a question for the jury, although the court can

3

decide it when the material facts are not disputed. *Maxwell*, 998 f.2d at 434; *Schertz v. Waupaca County*, 875 F.2d 578 582 (7t Cir. 1989). Probable cause can be found as a matter of law only when the facts permit but one conclusion-- that is "only when no reasonable jury could find that the officer did not have probable cause" to make an arrest. *Maxwell*, 998 F. 2d at 434. Defendants also argue that numerous allegations lack any casual relationship to plaintiffs' injuries. (Def.'s Mot. at 4). Plaintiffs, however, correctly point out that relevant facts noted by the Court in its Memorandum Opinion and Order denying Defendants' motion to dismiss Plaintiffs' complaint detail various acts of Defendants that are all causally related to Plaintiffs' injuries. (Pl.'s Mot. at 5). In fact, the Court accepts the factual allegations in the compliant as true when addressing a motion to dismiss pursuant to Rule 12(b)(6), and will only dismiss the claims if it appears "beyond doubt that the Plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

These arguments and the others raised by Defendants in support of their Rule 60(b) motion either were addressed or could have been addressed by Defendants in their motion to dismiss. Therefore, the Court finds this case does not present "exceptional circumstances" pursuant to Rule 60(b).

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' motion to clarify or reconsider Judge Castillo's November 22, 1999 Memorandum Opinion and Order. ( #40-1,40-2)

**SO ORDERED**  ENTERED: 8/25/00

*[signature]*

HON. RONALD A. GUZMAN
**United States Judge**