Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 8002 | DATE | 10/3/2002 |
| CASE TITLE | Wardell vs. City of Chicago et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated in the attached Memorandum Opinion and Order, defendant's bill of costs is granted in part and denied in part. Defendant is awarded costs of $8,544.45.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 04 2002 date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 10/3/2002 date mailed notice | |
| KF courtroom deputy's initials | | 02 OCT -3 PM 2:01 Date/Time received in central Clerk's Office | KF mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BILLY WARDELL and
DONALD REYNOLDS,

    Plaintiffs,

v.

CITY OF CHICAGO, et.al.

    Defendant.

98 C 8002

Mag. Judge Mason

DOCKETED
OCT 4 2002

MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

On October 31, 2001, this Court granted defendants' motion for summary judgment and entered final judgment in favor of defendant City of Chicago and against plaintiffs Bill Wardell and Donald Reynolds. *Wardell v. City of Chicago*, No. 98 C 8002, 2001 WL 1345960 (N.D. Ill. Oct. 23, 2001). Currently before the Court is defendant's bill of costs. Plaintiffs raise multiple objections to many of the items claimed by defendant. For the reasons stated below the bill of costs is granted in part and denied in part.

Discussion

Federal Rule of Civil Procedure 54(d) sets forth a general rule that costs other than attorneys' fees "shall be allowed as of course to the prevailing party," except as otherwise provided by statute or in the rules. *Ochana v. Flores*, F. Supp. 2d 941, 944 (N.D. Ill. 2002), *quoting Payne v. Milwaukee County*, 288 F.3d 1021, 1027 (7th Cir. 2002). The proper measure of those costs is set forth in 28 U.S.C. §1920. *Tideman v.*

124

*Nadler Golf Car Sales, Inc.*, 224 F.3d 719, 726 (7th Cir. 2000). The costs explicitly allowed by §1920 are: (1) fees of the clerk and marshal; (2) fees for transcripts; (3) fees for witnesses and printing; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. Under Rule 54(d), there is a heavy presumption in favor of awarding costs to the prevailing party. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

As an initial matter, the Court disagrees with plaintiffs' argument that their objections to defendant's bill of costs were timely filed. The Clerk of this Court taxed the costs requested by the defendant on December 18, 2001. According to Fed.R.Civ. P. 54(d)(1), plaintiffs had five days to serve their objections; they took more than seven months. Plaintiffs argue that due to a clerical oversight, they did not receive notice that the bill of costs had been formally taxed by the Court until July 23, 2002, and that they filed their objections within five days of receiving notice. However, the Court finds this argument lacking. Plaintiffs ignore the fact that over seven months passed from the time the costs were taxed until they filed their objections; they had a duty to remain aware of the circumstances surrounding the case and failed to do so.[1] Plaintiffs had received a copy of defendant's bill of costs from the defendant prior to it being entered by the Clerk; therefore, plaintiffs can hardly claim that they were unaware of the fact that a bill of costs existed. If plaintiffs had checked the docket regarding the case at anytime after December 18, 2002, the date the Clerk entered the order, they would have become aware of the bill of costs pending against them. The five-day period in which

---

[1] Indeed, the plaintiffs did not discover the taxing of costs against them because of any effort by their attorneys. Instead, defendant moved for an order directing the plaintiffs to pay the costs, at which point the plaintiffs raised their objections.

2

plaintiff had to serve objections to the bill of costs started with the entry of the clerk's order, rather than with the service of that order. *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1261 (7th Cir. 1994), *See also In re Paoli Railroad Yard PCB Litigation*, 221 F.3d 449, 459 (3rd Cir. 2000) (holding that lack of notice due to a clerical error does not justify an untimely objection under Fed.R.Civ.P. 54(d)(1)).

While the Court finds plaintiffs' arguments regarding the time lines of their objections unpersuasive, we will still proceed to examine each objection in turn. District Courts possess wide discretion in determining whether expenses claimed by the prevailing party are actually taxable as costs. *Rogers v. City of Chicago*, No. 00 C 2227, 2002 WL 423723 (N.D. Ill. March 15, 2002), *citing Deimer v. Cincinnati Sub-Zero Products, Inc.*, 58 F.3d 341, 345 (7th Cir. 1994). Rule 54(d)(1) is not jurisdictional, and we are therefore left with the discretion to decide whether or not to examine plaintiffs' various objections even though they were untimely filed. *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d at 1261, *see also In re Paoli Railroad Yard PCB Litigation*, 221 F.3d at 459 (3rd Cir. 2000). Courts are allowed to exercise their discretion to hear untimely objections when it appears that a party did not receive notice of the clerk's decision until too late. *In re Paoli Railroad Yard*, 221 F.3d at 459 (3rd Cir. 2000). "This approach guards against harsh results without subverting the plain language of the rule." *Id.* Therefore, defendant City of Chicago is entitled to recover costs only if (1) the cost imposed on the losing party is recoverable under §1920, and (2) if so, the amount assessed for that item was reasonable, both in amount and necessity to the litigation. *Majeske*, 218 F.3d at 824 (7th Cir. 2000).

Defendant seeks recovery for the following: (1) $6,498.35 for deposition and transcript costs; (2) $1,252.80 for photocopying fees; (3) $387.00 in witness and subpoena fees; (4) $150.00 for fees of the clerk; and (5) $2,189.76 for other costs relating to medical, educational, employment, financial, and Illinois Department of Correction records. Plaintiffs move to deny all costs requested by the defendant, or alternatively, to reduce defendant's costs. Therefore, the court will review plaintiffs' objections to costs as a whole, and its objections to each of the disputed costs in turn.

**General Objections**

*Misconduct by the City*

Plaintiffs contend that defendant's misconduct in this case should bar it from recovering any costs; we disagree. While we recognize that, "misconduct by the prevailing party worthy of a penalty" can suffice as a justification to deny costs, Contreras v. City of Chicago, 119 F.3d 1286, 1295 (7th Cir. 1997), we do not believe that the defense engaged in any misconduct worthy of such a sanction.[2] Accordingly, plaintiffs' objection to defendant's costs in their entirety due to misconduct is denied.

*Plaintiffs' inability to pay costs*

Plaintiffs next assert that costs should be denied because of their inability to pay. A party's inability to pay may justify a denial of costs. Reed v. Intl. Union of United Automobile, Aerospace & Agricultural Implement Workers, 945 F.2d 198, 204 (7th Cir. 1991). However, the District Court must award costs unless it can state a good reason

---

[2] The court adequately addressed the issue of defendant's alleged misconduct regarding the Maria Pulling affidavit, when we granted defendant's motion for summary judgment, and denied plaintiffs' motion to strike the Maria Pulling affidavit. Wardell v. City of Chicago, No. 98 C 8002, 2001 WL 1345960 *6 (N.D. Ill. Oct. 23, 2001). No further analysis of the Maria Pulling affidavit is warranted at this stage.

4

for denying them. *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). Plaintiffs' response to defendant's bill of costs alleges that they are indigent and therefore should not have to pay costs; however, they have provided no documentary support for their contention. They contend that affidavits can be provided from both Wardell and Reynolds attesting to the fact of their indigence. The burden is on the plaintiffs to establish that they are indigent; if affidavits, or other documents exist to support the claim, plaintiffs should have brought them forward to the Court. Without documentary support, the Court is unable to justify denying costs based on the parties inability to pay. *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994); *Petrovich v. LPI Service Corp.*, No. 94 C 3071 1998 WL 299815 *1 (N.D. Ill. May 30, 1998) (noting that despite having a full opportunity to do so, plaintiff did not submit any evidence regarding his inability to pay; accordingly, Court refused to deny motion for costs due to inability to pay). Plaintiffs' objection to costs due to inability to pay is denied.

**Specific Costs**

Plaintiffs object to the amount charged for, and necessity of, certain deposition transcripts and condensed transcripts. The Court will address each objection in turn.[3]

*Depositions of Reynolds, Wardell, O'Reilly, Grzeca, and Nichols*

Plaintiffs object to costs related to the depositions of the two plaintiffs, Donald Reynolds and Billy Wardell, as well as for the depositions of Gregory O'Reilly, George

---

[3] Plaintiffs also object to the $140.00 charge for the *Wardell v. City* and the $48.60 charge for the *People v. Willis* transcript. We agree with the defense assertion that the *Wardell v. City*, and *People v. Willis* transcripts were reasonable and necessary to the litigation of the case, and to defend the motion for summary judgment. Therefore, the Court denies plaintiffs' objection.

5

Grzeca, and George Nichols. Defendant, in its response to plaintiffs' objections, has agreed to accept plaintiffs' re-calculation of these costs. (See Def.'s Resp. to Pls.' Objections, p.13). Therefore, costs for the above depositions are adjusted as follows: (a) costs related to the condensed script versions of the depositions of the two Plaintiffs, O'Reilly, Grzeca, and Nichols are reduced by a total of $124.20, (b) the cost for the Reynolds deposition transcript is reduced by $118.80 because it was a copy for which defendant can seek only $.75 per page and not the $1.35 requested; this lowers the cost from $267.30 to $148.50, and (c) costs for the Grzeca and Nichols deposition transcripts are reduced by a total of $210.00; the amount requested has been reduced from the 2-day service fee to the $3.00 per page regular service, lowering the amount from $840.00 to $630.00. Accordingly, defendant's deposition and transcript costs are reduced by $453.00, from $6,498.35 to $6,045.35.

*Depositions of Grossman and Blake*

Plaintiffs object to the costs sought by defendant for the depositions of plaintiffs' expert witnesses, Leroy Grossman and Edward Blake. Specifically, plaintiffs contend that Grossman was not needed by the defense for its summary judgment motion and that Blake was an expert who would have testified regarding Pam Fish's role in the case, however plaintiffs and Fish agreed to dismiss Fish as a defendant, rendering Blake's testimony superfluous. The court recognizes that deposition transcripts may provide the basis for an award of costs if they are reasonably necessary to the litigation. *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). Therefore, the court is left with the task of determining what is, and is not, reasonable. *Id.*

For the following reasons, the Court denies plaintiffs' objection, and finds that the depositions of Blake and Grossman were reasonably necessary to the litigation. "The determination of whether deposition transcripts are reasonably necessary should be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded for further use." *Barnett v. City of Chicago*, No. 92 C 1683, 1999 U.S. Dist. LEXIS 2718, *6 (N.D. Ill. March 4, 1999) (unpublished), *citing Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir. 1985) (*overruled on other grounds by Provident Bank v. Manor Steel Corp.*, 882 F.2d 258 (7th Cir. 1989)). Blake's deposition occurred prior to Pam Fish being dismissed from the case. Therefore, at the time of the deposition it can be assumed that defendant felt Blake's testimony was reasonably necessary. The defendant also could not be aware that it would prevail on its motion for summary judgment. If the issue had gone to trial, Grossman may have been called by the plaintiffs to provide expert testimony regarding their economic status. "The introduction of a deposition in a summary judgment motion or at trial is not a prerequisite for finding that it was necessary to take that deposition." *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). Therefore, the plaintiffs' contention that Grossman's testimony was not necessary for the summary judgment motion is insufficient to establish that the deposition was unnecessary. We find that the deposition transcripts of Grossman and Blake were reasonably necessary to the preparation of defendant's litigation. Accordingly, plaintiffs' objection is denied.

*Photocopying fees*

Defendant seeks to recover $1,252.80 for in-house copying costs. Plaintiffs object to defendant's charge of $0.20 per-page for in-house copying. We agree that $0.20 is too high. The Seventh Circuit has stated that charges for in-house reproduction may not exceed the charges of an outside print shop. *Rogers v. City of Chicago*, No. 00 C 2227, 2002 WL 423723 *4 (N.D. Ill. March 15, 2002), citing *Martin v. United States*, 931 F.2d 453, 455 (7th Cir. 1991). Local print shops charge $0.09 and $0.10 per page for standard photocopying. *Id.*; *Ochana*, 206 F. Supp. 2d at 945 (N.D. Ill. 2002) (finding that $0.10 was a reasonable charge). Per-page charges exceeding those of outside prints shops for standard copying are allowed only when a party presents the court with an explanation as to why such charges are appropriate. *Rogers*, 2002 WL 423723, at *4, citing *Manley v. City of Chicago*, 236 F.3d 392, 398 (7th Cir. 2001). Defendants provide no basis to support why a $0.20 charge is reasonable, besides the fact that $0.20 is lower than the $0.25 per page rate currently used by the Northern District of Illinois.[4] The Northern District of Illinois is not an outside print shop, and has no bearing on the correct per-page charge. Therefore, we reduce defendant's in-house copying costs from $0.20 per page to $0.10 per page. Accordingly, photocopying costs are reduced by one-half, from $1252.80 to $626.40.

---

[4] Defendant also asserts that considering over ten years has passed since the Seventh Circuit upheld a ten-cent per page copy charge, its $0.20 cent per page charge is reasonable. This assertion misinterprets *Martin v. United States*, 931 F.2d 453 (7th Cir. 1994). *Martin* states that the per page charge for photocopying may not exceed the charges of an outside print shop. Subsequent case law, as recent as this year, has established that $0.10 is an acceptable per page charge for photocopying.

8

*Education Records*

Plaintiffs object to costs related to the copying of their high school education records. Defendant asserts that the high school records were obtained to rebut plaintiffs' damage claims, particularly their claims for lost earnings. The Court agrees that educational records are reasonable and necessary, and can be taxed under §1920.[5] However, defendant's bill of costs contains four charges for Record Copy Services for the Chicago Board of Education, two regarding Donald Reynolds, in the amounts of $49.75 and $36.00; and two regarding Billy Wardell, in the amounts of $49.75 and $19.75. Defendant's bill of costs also contains two charges for Record Copy Services at City Colleges of Chicago regarding Billy Wardell in the amounts of $36.00 and $36.00. The bill of costs does not detail what educational records were copied or whether multiple copies were made of the same records at the Chicago Board of Education and City Colleges of Chicago. In the absence of reliable verification that the copying costs were necessary and not duplicative, we will allow only the highest single charge from each educational institution. *Ochana*, 206 F. Supp. 2d at 947 (N.D. Ill. 2002). Thus, we will allow the $49.75 charge for Chicago Board of Education records regarding Donald Reynolds, the $49.75 charge for Chicago Board of Education records regarding Billy Wardell, and a $36.00 charge for City Colleges of Chicago records regarding Billy Wardell. The additional $36.00 and $19.75 charges for Chicago Board of Education records are denied, as is the second $36.00 charge for City

---

[5] Defendant's bill of costs also contains a charge for Record Copy Services at Thornwood High School, regarding Billy Wardell, in the amount of $49.75; and a charge for Record Copy Services at Hyde Park Career Academy, regarding Donald Reynolds, in the amount of $49.75. We find these charges reasonable and necessary and allows defendant to tax them as costs.

9

Colleges of Chicago. Therefore, the Court reduces defendant's award for other costs by $91.75, from $2,189.76 to $2,098.01.

Defendant's bill of costs also contains three charges for Record Copy Services that are entitled simply, "Record Copy Service", in the amounts of $449.25, $48.00, and $49.75. The detailed statement regarding the $449.25 charge attached to the bill of costs lists "various documents" as the source for the charge. Detailed statements for the $48.00 and $49.75 charges could not be found attached to the bill. Likewise, the bill of costs contains two charges for National Photo Services Inc. in the amounts of $133.95 and $36.00, and one charge from Loop Legal Copies in the amount of $45.36. Again, defendant provides no explanation of these charges in the bill of costs.

The burden is on the party seeking reimbursement for photocopying costs, in this case by a Record Copy Service, to show that the photocopied items were necessary; if that party fails to meet the burden the court should not award costs for those items. *Ochana*, 206 F. Supp. 2d at 946, *See also Chemetall Gmbh v. ZR Energy, Inc.*, No. 99 C 4334, 2001 WL 1104604, at *33 (N.D. Ill. Sept. 18, 2001) (citing cases). Defendant's bill of costs fails to explain what the Record Copy Service, National Photo Services Inc., and Loop Legal Charges pertain to or why they were necessary. Defendants are not required to submit a bill of costs " 'containing a description so detailed as to make it impossible economically to recover photocopying costs.'" *Id*; *Quoting Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). However, the Court cannot award costs without some assurance that the costs are properly recoverable. *Id.* Due to the vagueness of the bill we have no assurance that the afore mentioned costs are properly recoverable. Therefore, the Court further

reduces defendant's award for other costs from by $762.31, from $2,098.01 to $1,335.70.

*People v. Borkin transcript*

Finally, defendant seeks $500.00 in costs for the trial transcript in the case *People v. Borkin*. Defendant states that plaintiffs' experts, Edward Blake and Alan Keel, played a significant role in that trial, and that obtaining the transcript was important in preparing for Blake's and Keel's depositions in this case; plaintiff objects. We agree with defendant that the transcript was necessary. This was a case where expert testimony was a crucial component of litigation, and it is reasonable to assume the transcript was necessary to prepare for the deposition of plaintiffs' experts. Thus, plaintiffs' objection to the $500.00 in costs associated with the trial transcript is denied.

**Conclusion**

For the foregoing reasons, the Court grants in part and denies in part defendant City of Chicago's bill of costs. Based on the reductions set forth above, defendant is hereby awarded the following costs: (1) $6,045.35 for depositions and transcripts; (2) $626.40 for photocopying fees; (3) $387.00 in witness and subpoena fees; (4) $150.00 for fees of the clerk; and (5) $1,335.70 for other costs relating to medical, educational, employment, financial, and Illinois Department of Correction records. Defendant is awarded costs of $8,544.45. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: October 3, 2002