# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Michael T. Mason | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 8002 | **DATE** | 11/6/2002 |
| **CASE TITLE** | Wardell vs. City of Chgo | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, plaintiffs' motion to reconsider, in part, its 10/3/02 order regarding defendant's bill of costs [125-1] is denied. Furthermore, the Court upholds its prior ruling in this case awarding defendant costs in the amount of $8,544.45. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | NOV 07 2002 | |
| | Notified counsel by telephone. | | date docketed | 126 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 11/6/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| KF courtroom deputy's initials | | Date/time received in central Clerk's Office | KF mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BILLY WARDELL and )
DONALD REYNOLDS, )
 )
    Plaintiffs, )
 )    98 C 8002
v. )
 )    Mag. Judge Mason
CITY OF CHICAGO, et.al. )
 )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

On October 3, 2002, this Court entered a Memorandum Opinion and Order granting in part and denying in part Defendant City of Chicago's bill of costs. Plaintiffs Billy Wardell and Donald Reynolds have filed a motion to reconsider the order pursuant to Federal Rule of Civil Procedure 59(e). For the following reasons, Plaintiffs' motion to reconsider is denied.

## Background

On October 31, 2001, this Court entered summary judgment against Wardell and Reynolds on the City's motion; as the prevailing party, defendant was entitled to costs pursuant to 28 U.S.C. §1920 and thus filed a bill of costs soon thereafter. In objecting to the bill of costs, plaintiffs argued, *inter alia*, that they were unable to pay any cost award; we denied in part and granted in part plaintiffs' objections on October 3, 2002[1] and awarded defendant costs in the amount of $8,544.45. In response to the Court's

---

[1] A complete analysis of all of Plaintiffs' objections is located in this Courts Opinion dated October 3, 2002. *Wardell v. City of Chicago*, No. 98 C 8002, 2002 WL 31248531 (N.D. Ill. Oct. 3, 2002).

order, plaintiffs filed a motion to reconsider and attached three documents demonstrating their indigent status: (1) an affidavit from Billy Wardell and (2) an affidavit from Donald Reynolds that contained statements regarding each individual's current financial status, and (3) a psychological examination of Donald Reynolds conducted on January 11, 2001 attesting to the fact that Reynolds suffers from Post Traumatic Stress Disorder, which, in the opinion of the evaluating physician, may impact upon Reynolds' ability to hold a steady job. Based on the three documents, plaintiffs ask this Court to reconsider the part of our order regarding their inability to pay the bill of costs.

**Discussion**

Rule 59(e) permits parties to file a motion to alter or amend a judgment within ten days of the entry of such judgment. Motions for reconsideration under Rule 59(e) serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationals De Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Such motions cannot be employed as a means to introduce new evidence that could have been adduced during the pendency of a previous motion. *Id.* Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence ... that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

Instead, a motion to reconsider is appropriate when the Court has "patently misunderstood a party, made a decision outside of the issues presented to the Court, or made an error not of reasoning, but of apprehension." *RKI, Inc. v. Grimes*, 200 F. Supp. 2d 916, 920 (N.D. Ill. 2002). In order to support a motion to reconsider on newly

2

discovered evidence, the moving party must "show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence [during the pendency of the motion]." *Id.* at 921, *quoting Caisse Nationale De Credit Agricole*, 90 F.3d at 1269 (7th Cir. 1996).

The Court makes no determination regarding the validity of the statements in either Wardell's or Reynolds' affidavit, or of the conclusions reached in Reynolds' psychiatric evaluation. However, plaintiffs fail to offer any explanation as to why this information was not presented to the Court in their original opposition to defendant's bill of costs motion. Wardell and Reynolds were certainly able to provide the affidavits and submit the psychiatric evaluation to the Court prior to our ruling on the request for the bill of costs on October 3, 2002.[2]

A party failing to present evidentiary matters during a proceeding is bound by that strategy. *RKI, Inc.*, 200 F. Supp. 2d at 921. "If evidence is available to a party at the time [of the proceedings], the party is obligated to make those arguments at that time; failure to do so waives the party's right to do so later in a motion for reconsideration." *Id.* Plaintiffs' attempt to support their objection to costs based on their inability to pay by supplementing the record at the Rule 59(e) stage of the proceedings is too little, too

---

[2] In fact, Wardell and Reynolds did provide to the Court, in general, narrative form, much of the information contained in the affidavits in their original objections to defendants' bill of costs. (See Pls.' Objections, p.13). In our original decision, we noted that an "inability to pay" argument must be supported by affidavits or other evidence, which were missing from plaintiffs' objections. In the current motion, plaintiffs have merely submitted such affidavits attesting to the facts mentioned in their previous objections. Likewise, the psychiatric evaluation was conducted on January 11, 2001 and was submitted to the defendant during discovery. Therefore, plaintiffs' two affidavits and Reynolds' psychiatric evaluation can hardly be characterized as newly discovered evidence or evidence unknown to them until after the October 3, 2002 order, as required by Rule 59(e).

3

late. *Moro*, 91 F.3d at 876. If Wardell and Reynolds wanted the Court to consider the information contained in their affidavits and the psychiatric evaluation, they had a duty to bring the documents forward to the Court prior to our ruling on the motion.

Furthermore, even if plaintiffs had submitted the evidence attached to their motion prior to the October 3, 2002 order, the Court would still have denied Plaintiffs' objection and granted defendants' costs. Wardell and Reynolds should not be shielded from the costs they forced the defendants to incur with their suit even if they were, and presently are, indigent. *See McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994).

The Seventh Circuit has refused to adopt a *per se* rule that indigency alone overcomes the presumption in favor of awarding costs. *Falcon v. City of Chicago*, No. 98 C 4028, 2000 WL 1231403, *1 (N.D. Ill. Aug. 28, 2000). Even if a litigant is indigent, costs are not automatically waived and may still be awarded at the Court's discretion. *Id.* "Non-indigents who contemplate litigation are routinely forced to decide whether their claim is worth it. We see no reason to treat indigents differently in this respect." *McGill*, 18 F.3d at 459 (7th Cir. 1994). This Court agrees with the rationale that, "[t]he power to award costs is a discretionary function of the court", *Id.* at 460, and we are not convinced on the record that Wardell and Reynolds have established the fact that they will not ever be able to pay the order imposing costs.[3] Therefore, even if Wardell and Reynolds had established that they were indeed presently indigent, it was well within the

---

[3] That is, "[i]t is not just a matter of being unable to presently pay the costs; it must also be shown that the litigant is not likely to be able to pay the costs in the future." *McGill*, 18 F.3d at 459. Nothing in Plaintiffs' affidavits or the psychiatric evaluation supports the contention that Wardell and Reynolds would not be able to pay costs assessed against them at a future date; indeed, Wardell currently holds a job earning $35,000.00 per year. The City of Chicago is well aware of Plaintiffs' financial status, and it is the Court's belief that the parties involved can come to an independent arrangement for repayment of the costs over a reasonable amount of time.

4

discretion of this Court to deny the objection and award costs. As such, we see no practical reason to grant the motion to reconsider.

Conclusion

For the reasons set forth above, the Court denies plaintiffs' motion to reconsider pursuant to Federal Rule of Civil Procedure 59 and furthermore, upholds its prior ruling in this case awarding defendant costs in the amount of $8,544.45.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: November 6, 2002

G:\Opinions\98C8002.004